**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL A. HARTSELL, | No. 21-56045 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01094-LAB-LL |
| v. | |
| COUNTY OF SAN DIEGO; TRENTON STROH, San Diego County Deputy Sheriff, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| DOES, 1-15, | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted March 16, 2023**
Pasadena, California

Before: PAEZ, CHRISTEN, and MILLER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Michael Hartsell ("Hartsell") appeals the district court's order denying his post-trial motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), or alternatively for a new trial under Rule 59(a). A jury found in favor of Deputy Trenton Stroh ("Stroh") and the County of San Diego (collectively, "the County") on Hartsell's claims for battery, negligence, and violation of his Fourth Amendment rights under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. *Rule 50(b) Motion for Judgment.* While fleeing arrest in May 2015, Hartsell was bitten by a San Diego Sheriff's Department canine. The dog, at the direction of its handler, Stroh, entered a bush where Hartsell was hiding and bit onto his left arm. Although Hartsell complied with Stroh's commands to show his hands after he was bitten, Stroh did not immediately command the dog to let go. Instead, Stroh ordered Hartsell to crawl several feet forward out of the bush before removing the dog from his arm. At trial, the sole issue before the jury was whether Stroh used excessive force by failing to release the dog from its bite sooner.[1] Hartsell challenges the jury's verdict in favor of the County, arguing that the evidence at trial established that Stroh acted unreasonably in violation of the Fourth Amendment.

---

[1] Prior to trial, the district court found that Stroh's initial deployment of the dog was a reasonable use of force as a matter of law.

2

"We review de novo the district court's denial of a Rule 50(b) renewed motion for judgment as a matter of law. The test is whether 'the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury.'" *Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016) (citation omitted). Under this deferential standard of review, we must uphold a jury verdict "if it is supported by substantial evidence that is adequate to support the jury's findings, even if contrary findings are also possible." *Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 797 (9th Cir. 2017) (citation omitted).

The district court did not err by rejecting Hartsell's Rule 50(b) motion. To determine whether an officer used excessive force, the court inquires "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Est. of Diaz*, 840 F.3d at 604-05 (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)). To assess objective reasonableness, courts consider the factors set forth in *Graham v. Connor*, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest." 490 U.S. at 396.

Applying the *Graham* factors and considering the totality of the evidence, the jury's verdict is supported by substantial evidence. The evidence at trial

3

showed that Stroh faced a difficult decision about how to release the dog safely. Both Hartsell and the dog were located inside a dense bush, partially secreted from Stroh's view. Stroh and other officers testified that they are trained to physically remove a biting dog while simultaneously issuing a verbal command, because it is the safest way to ensure the animal does not bite again. Stroh testified that he could not safely enter the bush to physically apprehend the dog, and he feared issuing a verbal command would cause the dog to bite another part of Hartsell's body. Based on this evidence, the jury reasonably concluded that Stroh's decision to instruct Hartsell to crawl from the bushes before disengaging the dog was not an excessive use of force.

As Hartsell argues, some of the evidence at trial weighed in his favor. He complied with Stroh's commands, he was not known to be violent, and he was in his underwear and was unlikely to have a weapon. Nonetheless, "[w]hen each of the *Graham* factors is analyzed, the record does not 'permit[] only one reasonable conclusion . . . contrary to that of the jury.'" *Est. of Diaz*, 840 F.3d at 605 (alterations in original) (quoting *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002)). In light of the evidence supporting the jury's verdict, Hartsell is not entitled to judgment as a matter of law.[2] *See id.* at 604 (holding that question of

---

[2] Hartsell also argues that the district court's summary judgment ruling contradicts the jury's finding that Stroh's actions were reasonable. Hartsell, however, misconstrues the court's ruling—by denying summary judgment to the County, the

4

excessive force "was one for the jury" and upholding denial of motion for judgment as a matter of law).

    2. *Rule 59(a) Motion for a New Trial*. Hartsell argues that he is entitled to a new trial because counsel for the County made several prejudicial comments during trial that improperly influenced the jury's verdict. First, counsel referred to Stroh as a "respected officer" during the County's opening statement; second, counsel used the phrase "Deputy Stroh and his family" during closing argument; and third, counsel referred to Hartsell as a "drug dealer" who was suing for a "payday" during closing argument.

    We review a district court's denial of a motion for new trial under Rule 59(a) for abuse of discretion. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007). To assess whether improper comments were sufficiently prejudicial to warrant a new trial, the court considers "whether counsel's misconduct so permeated the trial as to lead to the conclusion the jury was necessarily influenced by passion and prejudice in reaching its verdict." *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1107 (9th Cir. 1991).

    Hartsell failed to argue that counsel's comments were prejudicial in his new trial motion, likely waiving this issue. *See Steam Press Holdings, Inc. v. Haw.*

---

court merely found that a reasonable jury *could* return a verdict for Hartsell, not that it must. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

*Teamsters, Allied Workers Union, Loc*. *996*, 302 F.3d 998, 1005 (9th Cir. 2002). But even considering the merits, the statements Hartsell identifies did not sufficiently prejudice the jury to warrant a new trial. The County's counsel made each statement only once during opening and closing arguments, and Hartsell's counsel never objected or moved for a mistrial on those grounds. *See Kehr v. Smith Barney*, *Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir. 1984) (upholding district court's denial of Rule 59(a) motion). The comments in question did not permeate the trial or necessarily influence the jury in reaching a verdict.

    **3.** *Evidentiary Rulings*. Finally, Hartsell challenges the district court's ruling excluding two pieces of evidence: 1) evidence that the dog bit Stroh five weeks after the incident; and 2) evidence that the dog failed to perform satisfactorily on past bite-and-release evaluations. We review a district court's evidentiary rulings for abuse of discretion. *Muniz v. Amec Constr. Mgmt., Inc.,* 623 F.3d 1290, 1294 (9th Cir. 2010). "A party seeking reversal for evidentiary error must show that the error was prejudicial, and that the verdict was 'more probably than not' affected as a result." *Boyd v. City & County of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009) (quoting *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003)).

    The district court did not abuse its discretion by excluding evidence that the

dog bit Stroh after the incident. As the court determined, the dog's propensity to bite was irrelevant to the issue of whether Stroh should have released the dog sooner. Hartsell argues that Stroh could have testified about the painful effects of being bitten by a dog, and Stroh's testimony could have proved that Hartsell was recoiling out of pain while being bitten. But no one at trial disputed that dog bites are painful. The issues of Hartsell's pain and his reaction to that pain were adequately presented to the jury through Hartsell's own testimony and other evidence in the record.

The district court did not abuse its discretion by excluding evidence of the dog's subpar training evaluations with former handlers. At trial, Hartsell intended to pursue the theory that Stroh "knew that [the dog] had some issues with releasing upon command" when he became its handler. But upon further questioning by the court, Hartsell's counsel admitted that Stroh never said he had reviewed the problematic evaluations, nor did Stroh "describe[] any problems that he was aware of with [the dog]." The court held that Hartsell could not question Stroh about the prior evaluations, but Hartsell could admit the evidence through the testimony of a competent witness.

On appeal, Hartsell argues that the dog's evaluation history "was known to the canine evaluators," and was "directly relevant to whether Stroh's conduct was reasonable." But Hartsell still does not address whether Stroh himself knew about

7

the problematic evaluations. Absent that knowledge, it is doubtful that Hartsell could have elicited helpful information from Stroh by questioning him about the evaluations. Hartsell has not shown that exclusion of the evaluations was prejudicial or that the verdict was "more probably than not" affected by their absence. *Boyd*, 576 F.3d at 943 (citation omitted).

**AFFIRMED.**[3]

---

[3] Hartsell filed a Motion to Transmit Physical Exhibits under Circuit Rule 27-14 (Dkt. No. 42), seeking to present two additional photographs that he failed to include in his excerpts of record. We deny the motion. The photographs are neither "[un]available on the electronic district court docket" nor "necessary to resolution of an issue on appeal." Circuit Rule 27-14. Hartsell's Request for Judicial Notice (Dkt. No. 13) is denied.